IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| EDITH F. GODSEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  2:04cv0071 |
| v. ) | Judge Thomas A. Wiseman, Jr. |
| ) | Magistrate Judge Brown |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

This case is before the Court on Plaintiff Edith F. Godsey's Motion for Judgment on the Administrative Record (Doc. No. 11), to which Defendant filed a Response (Doc. No. 16). Magistrate Judge Brown has issued a Report and Recommendation ("R&R") to which Plaintiff has filed objections (Doc. No. 19).

Plaintiff raises two objections to the Magistrate Judge's recommendation that Plaintiff's motion for judgment on the administrative record be denied, and that the decision of the Commissioner be affirmed. Upon review of the record and for the reasons stated herein, the Court ADOPTS the Magistrate Judge's R&R (Doc. No. 18) in its entirety. Therefore, Plaintiff's motion for judgment is DENIED (Doc. No. 11).

## I. INTRODUCTION

### A. Procedural History

Plaintiff filed her current applications for disability insurance benefits ("DIB") and supplemental social security income ("SSI") on May 2, 2001, alleging disability since Mary 15, 1998. (Tr. 102-104, 691-694.)[1] These applications were denied at both the initial review and reconsideration of the administrative decision. Plaintiff requested and received a *de novo* hearing before an Administrative Law Judge ("ALJ") on June 11, 2003. (Tr. 33-61). On October 9, 2003, the ALJ issued a written decision stating that Plaintiff was not disabled and, as a result, was not qualified to receive the benefits sought. (Tr. 19-26). The following findings were articulated:

---

[1]Plaintiff filed a prior application for DIB on March 30, 2000, alleging the same onset date of May 15, 1998. (Tr. 96-100). This application was denied after both initial review and reconsideration (Tr. 62-65), and was not further pursued.

1

1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since May 15, 1998.

3. The claimant has the following severe impairments: carcinoma status post right partial mastectomy and right axillary dissection, and a depressive disorder.

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The claimant's allegations regarding her limitations are not totally credible for the reasons set for in the body of the decision.

6. The claimant has the residual functional capacity to lift and/or carry 25 pounds occasionally and 50 pounds frequently; sit for a total of about six (6) hours in an eight (8) hour workday; stand and/or walk for a total of about six (6) hours in an eight (8) hour workday; frequently climb, balance, stoop, kneel, crouch, crawl, push, pull, or reach. There are moderate limitations in the ability to understand, remember, and carry out instructions; maintain attention, concentration, and persistence for extended periods; and interact appropriately with the public, supervisors, and coworkers.

7. The claimant is able to perform her past relevant work (20 C.F.R. § §§ 404.1565 and 416.965).

8. The claimant is a younger individual (20 C.F.R. § §§ 404.1563 and 416.964).

9. The claimant has a limited, eighth grade education (20 C.F.R. § §§ 404.1564 and 416.968).

10. The claimant has no vocational skills that are transferable to other work (20 C.F.R. § §§ 404.1568 and 416.968).

11. Alternatively, although the claimant's exertional limitations do not allow her to perform the full range of medium work, there are a significant number of jobs in the national economy that she could perform.

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § §§ 404.1520(f) and 416.920(f)).

(TR. 25-26; Doc. No. 18, p.2-3). On July 14, 2004, the Appeals Council denied Plaintiff's request for review of the ALJ decision (Tr. 8-10), thereby rendering that decision the final decision of the Commissioner.

This civil action was thereafter timely filed and the Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case was referred to United States Magistrate Judge Joe Brown for consideration. Thereafter, Plaintiff filed a Motion for Judgment on the Administrative Record (Doc. No. 10) seeking reversal of the Commissioner's decision denying benefits. The Commissioner filed a Response to Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 16) requesting that the Commissioner's decision be

2

affirmed.  Magistrate Judge Brown filed a thorough and thoughtful twenty-five page R&R on May 13, 2005 (Doc. No. 18) recommending that Plaintiff's motion be denied and the findings of the Commissioner be affirmed.  Plaintiff filed timely objections (Doc. No. 19).  The matter is now before the Court, having been referred by order of recusal and reassignment dated October 21, 2005.

### B. Factual Background

The facts of this case are fully detailed in the R&R submitted by Magistrate Judge Brown.  (Doc. No. 18, p.4-15).

## II. STANDARD OF REVIEW

This Court's review of the ALJ report is *de novo*.  28 U.S.C. § 636(b).  An ALJ's decision will be upheld if it is supported by substantial evidence.  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).  Substantial evidence is "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion."  Richardson v. Pereles, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971).  It is "more than a mere scintilla of evidence, but less than a preponderance."  Bell v. Commissioner, 105 F.3d 244, 245 (6th Cir. 1996)(citing Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S.Ct. 206, 229 (1938)).

## III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S R&R

### A. Plaintiff Objects to Magistrate's Finding that the ALJ's Rejection of the Two Medical Assessments of Treating Physician Dr. Nowak was Supported by Substantial Evidence.

Medical opinions, whether proffered by treating physicians or those experts secured for litigious review, are not entitled to substantial or controlling weight if they are not supported by sufficient medical findings.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)  In the present case, the ALJ found that Dr. Nowak's medical assessments were not supported by Dr. Nowak's own treatment records, and that support for her medical conclusions was lacking elsewhere in the record as a whole.  (Tr. 23-24).  To the contrary, inconsistent medical evidence was presented and, as determined by the ALJ, was credible.  Id.

Plaintiff specifically questions the weight afforded two separate assessments made by Dr. Nowak of Plaintiff's residual functional capacity.  (Doc. No. 19).  The first stated an ability to perform a limited range of sedentary work; the second downgraded the initial assessment to an inability to perform any sedentary work.  (Tr. 427-28, 684-86).  However, the limitations documented by Dr. Nowak – restrictions in lifting,

3

standing, sitting – were not displayed during Plaintiff's appointment with the consulting examiner, Dr. Donita Keown. (Tr. 397, 427, 685). As noted in Dr. Keown's report after examining Plaintiff:

> She [Edith Godsey] ambulates through the clinic with ease and has no problems getting onto or from the examining table...Range of motion is intact at the right shoulder, elbow, wrist and hand. There is full range of motion in the right upper extremity. Both hips, knees and ankles there is no evidence of joint swelling or joint warmth. There is full range of motion at the thoracal lumbar column with anterior flexion exceeding 90 degrees. No impairment noted on any aspect of station and gait testing.

(Tr. 397-98). Nor were any deficiencies regarding motor strength or reflex testing observed. Id. As a result, Dr. Keown assessed Plaintiff as able to sit, stand or walk at least six out of eight hours, with the ability to lift ten to fifteen pounds routinely, and twenty-five to thirty pounds episodically. (Tr. 398).

As outlined in the R&R, much of the medical record supports the ALJ's determination that Dr. Keown's assessment was to be afforded greater weight than that of Dr. Nowak: Plaintiff's edema of the right arm was generally characterized as "mild" or "slight" (Tr. 329, 601); and evidence indicates Plaintiff's lower extremity ailments were not particularly limiting with respect to mobility, strength, stability, or pain (Tr. 298, 317, 319, 322, 388, 592). In June of 2002 an oncologist observed no irregularities in Plaintiff's extremities and no neurological deficits. (Tr. 592). Moreover, as recently as June 2003, Plaintiff's podiatrist, Dr. Longbardo, assessed no work-related limitations of function. (Tr. 619-21). Accordingly, given the evidence provided in the record, the Court agrees that there is substantial support for the ALJ's decision to reject Dr. Nowak's assessments as controlling.

**B.      Plaintiff Objects to Magistrate's Finding that the ALJ Acted Properly in Evaluating Ms. Godsey's Psychological Limitations.**

The ALJ rejected the consultative psychological assessment conducted on June 2001 because "[it] was a one time evaluation, and not consistent with the assessments prepared by treating sources at the mental health facility." (Tr. 24). Plaintiff contends that there is no reason to favor the prior evaluations and opinions of treating mental healthcare providers at Cumberland Mountain Mental Health Center ("CMMHC") over the June 2001 assessment conducted by Stephen Hardison, M.A., and William Sewell, M.D. (Doc. No. 19). This contention is apparently based on Plaintiff's belief that both the 2001 assessment and the treating provider's opinions reflected an inability to function in a work environment. Id. However, the record does not support such an interpretation of the opinions of the treating providers.

4

Evangeline Kidwell, M.A., first saw Plaintiff for treatment at CMMHC in July of 2000. (Tr. 525). Plaintiff continued to receive treatment and therapy with "progress" until December of 2001. (Tr. 503). On November 28, 2001, Ms. Kidwell completed a CFG form assessment, determining Plaintiff's GAF score to be 60. (Tr. 516-518). In doing so, Ms. Kidwell noted only mild limitations in the ability to engage in daily living activities and the ability to concentrate, with moderate limitations in the ability to adapt to change and in interpersonal functioning skills (the latter based on limited integration in the community). Id.

In November of 2001, Plaintiff was referred for a psychiatric evaluation at CMMHC. (Tr. 586-88). Elizabeth Dolfie, MSN, noted Plaintiff had a depressed mood, flat affect, anhedonia, poor concentration and low energy level. Id. In addition, Plaintiff's mental status exam yielded findings of fair concentration, memory, insight, and judgment. Id. However, the record indicates that Plaintiff's mother passed away around this time. (Tr. 575) (therapy session on November 20, 2002 revealed that "[Client] complains of increased depression and irritability over the last month, but identifies as the one year anniversary of her mother's death."). When Plaintiff resumed treatment at CMMHC on April 29, 2002, after a near five-month absence, Ms. Dolfie reported that mood symptoms were mild, anxiety had resolved, mental status was normal, medication appeared helpful, and functioning had improved slightly. (Tr. 583-585). This session further revealed that

> The positive outcome of her mother's death, is that she has decided and has been visiting a mentally disabled brother, who was placed in a home as a child. She's been the pivotal member of her family who has reunited this forgotten child back into the family and it began at the funeral. It's a wonderful story of how her visiting this brother has impacted her, her daughter, grandchildren, and her siblings. Truly a spiritual experience.

(Tr. 583).

As outlined in the R&R, subsequent progress notes reflect only a slight worsening of Plaintiff's depression, remaining in the moderate range. (Tr. 571 of 51, 575 of 55). Further, after meeting with Deborah Johnson, M.A., LPC on February 26, 2003, Plaintiff kept only two additional appointments with CMMHC. Accordingly, the Court agrees with the Magistrate Judge's finding that the ALJ's decision, rejecting the inconsistent findings and prognosis by consultants Hardison and Sewell, was within his province and discretion given the information provided in the record as a whole.

IV. **CONCLUSION**

The Court has reviewed *de novo* the entire record and the pleadings, including those portions of the R&R to which Plaintiff objects. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. O. 72(b). The Court finds substantial evidence supports the Commissioner's decision to deny Plaintiff the benefits requested and Plaintiff's objections are without merit. The Court, therefore, OVERRULES Plaintiff's objections. The Court finds that the Magistrate Judge reached the correct conclusions in the Report and Recommendation and therefore ACCEPTS and ADOPTS the Report and Recommendation (Doc. No. 18) in its entirety. For the reasons set forth therein, the Court DENIES Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 11). The Commissioner's judgment is AFFIRMED.

It is so ORDERED.

Entered this the 23rd day of March, 2006.

_____
Thomas A. Wiseman, Jr.
Senior United States District Judge